# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAM LEE,<br><br>Plaintiff,<br><br>v.<br><br>VENETIAN RESORT CASINO, LLC,<br><br>Defendant. | Case No. 2:17-cv-00603-APG-VCF<br><br>**ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT**<br><br>(ECF No. 15) |

On February 24, 2017, plaintiff Sam Lee filed his initial complaint in this case, alleging negligent supervision and violations of Title VII and Nevada anti-discrimination laws by defendant Venetian Resort Casino, LLC (Venetian). Venetian moves to dismiss, arguing Lee's Title VII claim is time-barred because he filed his complaint more than ninety days after receiving a Notice of the Right to Sue letter from the Equal Employment Opportunity Commission (EEOC) in October, 2016. Venetian also contends that because Lee's federal claim is time-barred, the court has no jurisdiction over his state law claims. Lee responds that his attorney never received a copy of the right-to-sue letter, and he timely filed the case upon request and receipt of a new letter in February, 2017. Lee stipulates to the dismissal without prejudice of his claim for negligent supervision.

I grant Venetian's motion. Lee's Title VII claim is time-barred. While the precise date of Lee's receipt of the October letter is unknown, given the mailbox rule and his admission he received the letter, February 24, 2017 is outside the applicable ninety-day limitation period. Furthermore, Lee's attorney was not entitled to receive a copy of the right-to-sue letter. Because Lee's federal claim is time-barred, I will not exercise jurisdiction over his state law claims.

**I.     BACKGROUND**

Lee requested the issuance of a right-to-sue letter from the EEOC in September, 2016. ECF No. 19-1. On October 18, 2016, the EEOC issued its Notice of Right to Sue. ECF No. 15,

Ex. B. That letter was sent to Lee's last known address. In his deposition, Lee admitted to receiving the letter but could not recall when beyond the fact that it was in 2016. *See* ECF No. 43-1. However, in a subsequent affidavit, Lee states that he received documents from the EEOC in October, 2016 but was unaware these documents included the letter. ECF No. 41-1. In early February, 2017 Lee's attorney discovered the EEOC had issued the letter but had not sent him a copy. ECF No. 16-1. He called the EEOC office in Los Angeles, and an investigative support assistant sent him a copy of the right-to-sue letter along with a letter stating that he had ninety days to file suit from the receipt of this new letter dated February 6, 2017. *Id.*; ECF No. 16-3. Lee filed his complaint on February 24, 2017. ECF No. 1.

## II. ANALYSIS

### a. Treatment of Venetian's motion to dismiss

Under Federal Rule of Civil Procedure 12(d), when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment" as long as both parties are "given a reasonable opportunity to present all the material that is pertinent to the motion." At the hearing on Venetian's motion, I asked the parties to file supplemental briefs, in particular to include Lee's deposition testimony in the record. ECF No. 42 at 17. I also gave notice of the possibility of converting the motion into one for summary judgment. *Id.* at 16. As my decision relies on matters outside the pleadings, I will treat Venetian's motion as one for summary judgment.

### b. Running of the limitation period

> Before a claimant can file a Title VII civil action, [he] must file a timely charge of discrimination with the EEOC. If the EEOC dismisses the charge, a claimant has ninety days to file a civil action. This ninety-day period is a statute of limitations. Therefore, if a claimant fails to file the civil action within the ninety-day period, the action is barred.

*Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997) (internal citations omitted). 42 U.S.C. § 2000e-5(f)(1) "establishes the 90-day period as running from the giving of such notice rather than from the date claimant actually receives notice in hand." *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992) (internal quotations omitted). The start of the limitation period

is thus measured "from the date on which the right-to-sue letter arrived at the claimant's address of record." *Payan v. Aramark Mgmt. Svcs., L.P.*, 495 F.3d 1119, 1122 (9th Cir. 2007).

When the fact of receipt of the letter is undisputed, but the actual date of receipt is unknown, a three-day mailing presumption is applied to determine notice. *Id.* at 1121. This presumption assumes "that the letter issuance date is also the date on which the letter was mailed." *Id.* at 1123. This presumption is rebuttable by "evidence suggesting receipt was delayed beyond the presumed period." *Id.* at 1126.

Venetian contends that this presumption should apply with respect to the issuance of the right-to-sue letter on October 18, 2016. In response, Lee submits an affidavit stating he was never aware he received the right-to-sue letter. Venetian argues this declaration directly contradicts Lee's deposition testimony and should be stricken.

"The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). To strike a contradictory affidavit, I must make a "factual determination that the contradiction was actually a sham," and find the inconsistency between deposition testimony and the subsequent affidavit is "clear and unambiguous." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009).

In his deposition, Lee stated he recalled receiving a "Notice of Right to Sue" in the mail, but could not remember when. ECF No. 43-1 at 10–11. When provided a copy of the October 18th letter, Lee identified it as the notice he received. *Id.* at 11. Lee responded "Yes" when asked whether it was his testimony that he actually read the document. *Id.* at 12.

In support of his supplemental brief, Lee submitted an affidavit. ECF No. 41-1. He states that in late October, 2016 he "received some documents from the EEOC regarding his case . . . [but] was not aware that the documentation included a Notice of Right to Sue Letter." *Id.* at 1. He further states that he "had no knowledge that the EEOC had sent [him] a Notice of Right to Sue Letter." *Id.*

There is a clear and unambiguous inconsistency between Lee's deposition testimony that he received and read the October 18th right-to-sue letter and his declaration that he received documents from the EEOC but did not know they included the letter. Therefore, I strike this portion of Lee's affidavit.

The fact of Lee's receipt of the October 18th right-to-sue letter is not in dispute. However, the date of receipt is unknown. The *Payan* three-day mailing presumption thus applies. Lee has provided no other evidence to rebut this presumption. Assuming the letter was mailed on October 18, 2016 (the date of issuance), Lee is presumed to have received it by October 21, 2016 and would have had to file his complaint by January 19, 2017. He did not do so, and as such, Lee's Title VII claim is time-barred.

### c. The February 6th letter

Lee argues his claim is not time-barred because his attorney did not receive a copy of the October 18th letter as applicable regulations require, so that letter was void. Lee contends the EEOC regulations require service of the letter to the claimant's legal representative. Venetian responds that Lee's interpretation of the regulations is flawed. Further, Venetian argues that the subsequent February 6th EEOC letter is defective because Venetian never received a copy of it, as it was entitled to as a party to the charge.

"When a person claiming to be aggrieved requests . . . that a notice of right to sue be issued . . . the Commission shall promptly issue such notice as described in § 1601.28(e) to all parties . . . ." 29 C.F.R. § 1601.28(a)(1). This notice must include, among other things, "[a]uthorization to the aggrieved person to bring a civil action . . . [and a]dvice concerning the institution of such civil action by the person claiming to be aggrieved." *Id.* § 1601.28(e). Lee argues that because the term "person" in the regulation is defined to include "legal representative," his attorney, as the "person" who requested the issuance of the notice of the right to sue, must be issued a copy of the right-to-sue letter. *See* ECF No. 41 at 3 (quoting 29 C.F.R. § 1601.2; 42 U.S.C. § 2000e(a)).

Lee's attorney was not entitled to receive a copy of the right-to-sue letter. A plain reading of the regulation shows it does not require issuance of the right-to-sue letter to "all persons," as repeatedly stated by Lee. *See, e.g.*, ECF No. 41 at 4. It requires issuance to "all parties" to the discrimination charge. 29 C.F.R. § 1601.28(a)(1). Lee and Venetian are the parties to the charge; Lee's legal representative is not. In addition, the regulation refers only to a "person claiming to be aggrieved" or "aggrieved person." *Id.* § 1601.28(a)(1), (e). Lee does not argue that his attorney is aggrieved or claiming to be aggrieved. Nor does Lee cite any further authority to support his proposition that his counsel was required to be issued the letter. *Cf. Ball v. Abbott Advertising, Inc.*, 864 F.2d 419, 421 (6th Cir. 1988) (noting the Sixth Circuit "has flatly rejected the argument that a failure by the EEOC to copy counsel on a right-to-sue letter prevents the ninety-day period from running").

### d. Equitable Tolling

"The ninety-day period within which to file a civil action after dismissal of the charge by the EEOC is a statute of limitations subject to the doctrine of equitable tolling. Equitable tolling is, however, to be applied only sparingly . . . ." *Nelmida*, 112 F.3d at 384 (internal quotations and citations omitted). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (internal quotation omitted).

Lee argues that the limitations period should be equitably tolled "given the error committed by the EEOC and the lack of any prejudice to the Defendant." Venetian argues that there are no extraordinary circumstances that explain the delay in filing.

Lee has not met his burden to show that the statute of limitations should be equitably tolled. As discussed above, the EEOC's notice of the limitation period was not clearly inadequate. *See Scholar*, 963 F.2d at 267–68. According to Lee's admissions, he received the notice of the right to sue in late 2016 and upon receipt communicated with his attorney. *See* ECF No. 43-1 at 11. At the very least, Lee received documents from the EEOC in October, 2016, was

in contact with his attorney, but did not discuss these documents. ECF No. 41-1. Lee does not offer an explanation as to why he did not discuss these documents with his attorney. Because he was represented by counsel at all relevant times, Lee is charged with constructive notice of the law's requirements. *Johnson v. Henderson*, 314 F.3d 409, 417 (9th Cir. 2002). In either case, Lee did not diligently pursue his case.

Beyond Lee's unavailing arguments about his attorney not receiving a copy of the letter, there is no explanation as to why he was unable to file his claim within the limitation period. *Cf. Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989) (holding that even though the EEOC had promised to send copies of correspondence to the plaintiff's attorney, the "fact that Hill relied on the EEOC to send copies of correspondence to her attorney does not distinguish her case" or necessitate equitable tolling when she changed addresses and did not inform the EEOC). Lee points to no other circumstances that stood in his way and would justify tolling.

Therefore, I will not toll the limitation period. I grant summary judgment for Venetian on Lee's Title VII claim. Because this federal law claim was the basis for jurisdiction in this court, I decline to exercise supplemental jurisdiction over Lee's state law claims. *See* 28 U.S.C. § 1367.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Venetian Resort Casino, LLC's motion **(ECF No. 15) is GRANTED**. Judgment shall be entered for Venetian against Lee on the Title VII claim. I decline to exercise supplemental jurisdiction over the state law claims. The clerk of court is directed to enter judgment accordingly.

DATED this 1st day of December, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE